NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

GEORGE A. TACKER, a single man,
*Plaintiff/Appellant*,

v.

NEW RESIDENTIAL MORTGAGE, LLC, foreign Limited Liability
Company; THE MORTGAGE LAW FIRM, P.C., an Arizona Corporation,
*Defendants/Appellees*.

No. 1 CA-CV 22-0385
FILED 3-2-2023

---

Appeal from the Superior Court in Yavapai County
No. P1300CV202100741
The Honorable Michael P. McGill, Judge

**AFFIRMED**

---

APPEARANCES

George A. Tacker, Buckeye
*Plaintiff/Appellant*

The Mortgage Law Firm, P.C., Phoenix
By Christina Harper, Alex Schulz
*Counsel for Defendant/Appellee The Mortgage Law Firm, P.C.*

Wright, Finlay & Zak, LLP, Las Vegas, Nevada
By Robert Riether
*Counsel for Defendant/Appellee New Residential Mortgage, LLC*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Jennifer M. Perkins and Judge Angela K. Paton joined.

---

**W I L L I A M S**, Judge:

¶1 George Tacker appeals the superior court's grant of summary judgment for New Residential Mortgage, LLC and The Mortgage Law Firm, P.C. (collectively "Defendants"). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 More than a decade ago, the owner of a parcel of real property in Prescott Valley filed for bankruptcy. As part of the bankruptcy proceedings, the court discharged her of her obligation for the loan on the property.

¶3 In 2018, The Mortgage Law Firm, P.C., acting as the designated trustee, noticed a trustee sale of the property set to take place that May. The sale never occurred, but instead was postponed several times over the next few years.

¶4 In 2019, Tacker and James Barrow acquired title to the property through a quitclaim deed. Around the same time, New Residential Mortgage, LLC purchased the outstanding loan on the property, which was secured through a deed of trust.

¶5 In September 2021, Tacker and Barrow sued the Defendants seeking to stop a scheduled trustee sale, alleging deficiencies in the Defendant's postponement notices under A.R.S. § 33-810(B). The superior court issued a temporary restraining order and preliminary injunction stopping the pending trustee sale.

¶6 The Defendants moved to dismiss Tacker's complaint, contending that the trustee sale postponements were executed properly. The Defendants attached a declaration to that effect and informed the court that they had audio recordings of the public proclamation being made by an independently contracted sale crier. The court ordered Defendants to produce the recordings, which they did, and treated their motion as a motion for summary judgment.

¶7          Tacker filed a cross motion for summary judgment and provided the court three videos of three separately scheduled trustee sales in 2021. He claimed that the videos showed the exact place and time of the noticed trustee sales and that no one can be seen making a public declaration postponing the sales, thus entitling him to summary judgment.

¶8          The court granted summary judgment for the Defendants. Tacker timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶9          Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review a grant of summary judgment de novo, *Dreamland Villa Cmty. Club, Inc. v. Rainey*, 224 Ariz. 42, 46, ¶ 16 (App. 2010), viewing the facts and reasonable inferences in the light most favorable to Tracker as the non-prevailing party, *Rasor v. Nw. Hosp.*, LLC, 243 Ariz. 160, 163, ¶ 11 (2017).

¶10          A trustee sale at public auction may generally be postponed or continued so long as the person conducting the sale gives "notice of the new date, time and place of public declaration at the time and place last appointed for the sale." A.R.S. § 33-810(B). Failure to comply with the notice or postponement requirements may void a subsequent foreclosure sale. *See Patton v. First Federal Sav. & Loan Ass'n of Phoenix*, 118 Ariz. 473, 476 (1978); *LeDesema v. Pioneer Nat'l Title Ins. Co.*, 129 Ariz. 171, 173 (App. 1981).

¶11          Tacker contends summary judgment was improper because the video and audio recordings provided conflicting evidence. But whether they conflicted makes no difference here. The relief Tacker seeks is not available because the trustee sale never happened.

¶12          Tacker requested that the superior court stop the trustee sale scheduled in September 2021 and declare "that the Defendants are not legally entitled to hold the foreclosure sale [on that date] and that they must rerecord the Notice of Trustee sale." Because the notice of trustee sale was ultimately cancelled in February 2022, the Defendants are required to issue a new notice of trustee sale should they opt to proceed with any future trustee sale. A.R.S. § 33-808. Tacker received what he sought — a stop to the September 2021 trustee sale. That claim is moot.

¶13          In his underlying complaint, Tacker also requested "declaratory judgment that the Real Property is not security for the original

promissory note or deed of trust at issue in this matter." But Tacker never advanced the argument that Defendants may not have a future right to foreclose on the property, only that the requirements of A.R.S. § 33-810(B) were not complied with on the now canceled notice of trustee sale. Because he has not advanced that argument on appeal, he has waived it. ARCAP 13(a)(7)(A) (requiring arguments on appeal to contain "supporting reasons for each contention, and with citations of legal authorities . . . on which appellant relies"); *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) (holding that arguments on appeal not supported by adequate explanation, citations to the record, or legal authority are waived).

**¶14** Next, though Tacker contends he suffered damages despite no trustee sale occurring, he provided the superior court no evidence of any damages. And he failed to provide this court with legal authority supporting his contention that he is entitled to damages. ARCAP 13(a)(7)(A); *Aubuchon*, 233 Ariz. at 64–65, ¶ 6.

**¶15** Finally, Tacker cannot claim damages stemming from wrongful foreclosure because (1) no foreclosure occurred and (2) Arizona has not recognized wrongful foreclosure as a cause of action. *Zubia v. Shapiro*, 243 Ariz. 412, 417, ¶ 29 (2018).

**¶16** On this record, summary judgment for Defendants was warranted.

## CONCLUSION

**¶17** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA